# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ASJES,<br><br>    Plaintiff,<br><br>    v.<br><br>NKSP MEDICAL CMO, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01062-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM**<br><br>(ECF No. 18)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.    Background**

    Plaintiff Allen Asjes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 19, 2012, Plaintiff filed his Complaint in the Northern District of California. ECF No. 4. On June 28, 2012, the case was transferred to this Court. On March 13, 3013, the Court dismissed Plaintiff's Complaint with leave to amend. The Court's order instructed Plaintiff that the Federal Rules of Civil Procedure prohibit the filing of unrelated claims against unrelated defendants. The Court cautioned Plaintiff that if he again filed a pleading containing unrelated claims against unrelated Defendants, the action would be dismissed for failure to obey a court order and failure to state a claim. As discussed in detail below, Plaintiff failed to heed this warning, and therefore, the Court recommends the dismissal of this action.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California, and Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: NKSP medical chief medical officer; A Liberstein, M.D., V. BayBayan, R.N., WSP warden P. L. Vasquez, and Sao, M.D. of WSP.

Plaintiff alleges the following. At NKSP, Defendant Liberstein acted as Plaintiff's attending physician and Defendant Baybayan acted as the attending registered nurse. On January 9, 2009, Plaintiff arrived at NKSP. Upon arrival, officials at NKSP took his medical history and gave him tuberculosis ("TB") ppd's.[1] On January 13, 2009, Plaintiffs medical records showed 1) his TB ppd was positive; 2) his liver enzymes were severely elevated due to a liver disease; 3) he signed a consent form for TB treatment; and 4) a CDC 722 form showed a physician's order to halt all TB INH treatment due to elevated CFTs (liver function test). On January 16, 2009, Plaintiff was started on INH TB treatment, which has a major side effect of liver damage. During this time, both Defendants Liberstein and Baybayan were responsible for his medical treatment and should have

---

[1] TB ppd" refers to a skin test for TB.

2

known about his Hepatitis C and how the INH treatment affected his liver.  Plaintiff continued the INH treatment until he was removed on May 8, 2009 due to elevated LIT's.[2]

Plaintiff was told to inform anyone who attempted a TB ppd that Plaintiff was a TB 32.[3] Plaintiff was paroled in the community for two years until he was re-incarcerated at WSP.  At WSP, Defendant Sao referred Plaintiff to public health on December 5, 2011 and again on April 2, 2013.  Plaintiff later discovered that because of his partial TB treatment Plaintiff may have developed a type of TB that is either extremely resistant or incurable.  Plaintiff was unaware of this information, putting greater Los Angeles, his friends, and his loved ones at risk for contracting his TB.

Plaintiff requests as relief: monetary damages and treatment for his alleged TB.  Plaintiff also requests that CDC Public Health evaluate and fix the unsafe TB practices in prison.

**III.   Analysis**

    **A.   Rule 20 of the Federal Rules of Civil Procedure**

Plaintiff again names Defendants at both NKSP and WSP.  Plaintiff's allegations are in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  Plaintiff's allegations against NKSP Defendants are unrelated to his claims against WSP Defendant and are not permitted to proceed in the same action.  Plaintiff was previously warned that if he again filed a pleading containing unrelated claims against unrelated Defendants, the action will be dismissed for failure to obey a court order.  Thus, the Court recommends the dismissal of this action.

    **B.   Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

---

[2] Plaintiff does not explain this term.
[3] Plaintiff does not explain this term.

Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff fails to allege facts which demonstrate that any Defendant knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### C.     Supervisory Liability

Plaintiff names the NKSP medical chief medical officer and WSP warden P. L. Vasquez as Defendants. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some

facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts which indicate that any supervisory Defendants personally participated in the alleged deprivation of constitutional rights or knew of violations and failed to act to prevent them.

### D. State Law Claims

Plaintiff alleges negligence by Defendants Liberstein and BayBayan, which are state law claims. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). As there is no such pleading in this complaint, Plaintiff fails to state a claim for negligence.

### IV. Conclusion and Recommendation

Plaintiff failed to obey a Court order and fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and forewarned him that the failure to obey a court order would result in the dismissal of this action. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above

are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action is dismissed, with prejudice, based on Plaintiff's failure to obey a court order and for failure state a claim upon which relief may be granted under section 1983; and

2. The Clerk of the Court is directed to close this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 29, 2013**          /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE