# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ASJES, | Case No. 1:12-cv-01062-LJO-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| v. | |
| NKSP MEDICAL CMO, et al., | [ECF No. 22] |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.    Background

Plaintiff Allen Asjes ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On March 19, 2012, Plaintiff filed his Complaint in the Northern District of California.  ECF No. 4.  On June 28, 2012, the case was transferred to this Court.  On March 13, 2013, the Court issued an order dismissing the Complaint for failure to state a claim.  Plaintiff was granted leave to file a First Amended Complaint.  On March 25, 2013, Plaintiff filed a First Amended Complaint.  The Court issued a Findings and Recommendation on September 30, 2013, which recommended dismissal of the First Amended Complaint for failure to obey a court order and failure to state a claim.  On November 12, 2013, Plaintiff filed objections and moved for leave to file a Second Amended Complaint ("SAC").  On November 21, 2013, the Court granted Plaintiff's motion and vacated the Finding and Recommendation.  Plaintiff filed his SAC on January 2, 2014.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  Id. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  Id.

## II.     Summary of Second Amended Complaint

Plaintiff was incarcerated at an unstated facility in the custody of the California Department of Corrections when the events giving rise to this action occurred.  Plaintiff names as Defendants: NKSP chief medical officer; and A Liberstein, M.D.

Plaintiff alleges the following.  In 2008, Plaintiff was tested for tuberculosis ("TB").  He was notified upon reading of the test that he tested positive for TB and the reading was "(12)mm."[1] Plaintiff was informed that his TB code per CDCR policy was "32."[2]  The medical staff stated that additional tests would have to be performed, including chest X-rays, hepathic tests, liver function tests, and thyroid tests.  Plaintiff submitted to every test.  Plaintiff states he was not educated on medical facts that would provide him with the knowledge necessary for consent to treatments.

On January 9, 2009, medical staff took Plaintiff's medical history.  Plaintiff informed staff

---

[1] Plaintiff does not explain this term.
[2] Plaintiff does not explain this term.

2

that he was "TB Code 32," which according to Plaintiff means that Plaintiff tested positive for TB in the skin test, but negative in the chest X-ray. Plaintiff states he was then forced to submit to an order to accept a new TB skin test. The skin test confirmed Plaintiff was TB Code 32.

Plaintiff then presented before Defendant A. Lieberstein, M.D., for evaluation of Plaintiff's overall medical condition. Defendant Lieberstein reviewed Plaintiff's medical file with him. Defendant Lieberstein stated that because the TB test was positive, he was obligated to follow CDCR protocols. Plaintiff states Lieberstein did not elaborate on his medical concerns. Rather, Lieberstein informed Plaintiff that he would be placed on a course of treatment involving "INH treatment."[3] Plaintiff was told he could either undergo INH treatment or be quarantined. Plaintiff states he had been previously advised that due to his hepathic status, he was not to be given INH medications. Plaintiff opted to undergo the INH treatment rather than be quarantined. Plaintiff states his health was placed in peril due to the INH medications. Plaintiff underwent partial INH treatment, and then taken off the treatment because Plaintiff's body was not reacting properly and his condition was worsening.

Plaintiff requests as relief: monetary and punitive damages and declaratory relief.

## III.   Analysis

### A.   Linkage and Rule 20 of the Federal Rules of Civil Procedure

Plaintiff names as Defendant the NKSP chief medical officer. Plaintiff however fails to make specific allegations against the NKSP chief medical officer. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff makes no allegations regarding the NKSP chief medical officer.

### B.   Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

---

[3] Plaintiff does not explain this term.

3

Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Id. at 837.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against any Defendant. The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and/or the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted). Plaintiff tested positive for TB, which the Court considers to be an objectively serious medical issue. Defendant Lieberstein was aware of the test results and placed Plaintiff on a course of treatment. Lieberstein advised Plaintiff that he would be administered INH drugs. Plaintiff states that the results of his blood tests, liver function tests, and his skin condition would have made Lieberstein aware that INH treatments posed a risk of damage to his liver functions. When Plaintiff's body did not react properly, Lieberstein discontinued the INH treatments.

Here, Plaintiff does not dispute that he was given a medically acceptable course of treatment for his TB condition. Plaintiff claims Liebenstein should not have administered such treatment in light of his various tests, but "[a] difference of opinion between a physician and the prisoner – or

4

between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted). When Plaintiff's body did not react appropriately, Liebenstein discontinued the treatment. Plaintiff fails to allege facts which demonstrate that any Defendant knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### C.    Supervisory Liability

As previously stated, Plaintiff names the NKSP medical chief medical officer as Defendant. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Id. at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts which indicate that any supervisory Defendant personally participated in the alleged deprivation of constitutional rights or knew of violations and failed to act to prevent them.

## IV.    **Recommendation**

For these reasons, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim for which relief may be granted under section 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2014**                              /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE